```
             UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

SINJEL, LLC                                              PLAINTIFF

VS.                         CIVIL ACTION NO. 3:22-cv-419-TSL-MTP

THE OHIO CASUALTY INSURANCE
COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, PYRON
GROUP, INC. AND JOHN DOES 1 – 10                        DEFENDANTS

                   MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Sinjel, LLC for partial judgment on the pleadings as to liability, filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and the motion of defendant The Ohio Casualty Insurance Company (Ohio Casualty) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motions have been fully briefed and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Ohio Casualty's motion should be granted and Sinjel's motion denied.

In December 2019, plaintiff Sinjel purchased with the intention to renovate a certain commercial building in Jackson, Mississippi. Initially, Sinjel secured insurance coverage for the building under a policy issued by Nautilus Insurance Company

1

with effective dates of December 27, 2019 through April 15, 2020. Commencing April 15, 2020, the property became covered under a Builders' Risk policy issued by Ohio Casualty, with an annual term from April 15, 2020 to April 15, 2021. The $1,491 annual premium was paid by monthly automatic draft.

On November 3, 2020, the property sustained a fire loss of unknown origin. Sinjel learned of the fire on February 15, 2021 and reported it to Ohio Casualty on February 24, 2021. By letter dated March 23, 2021, Ohio Casualty denied plaintiff's claim for policy benefits for the loss, citing the following policy provision:

> COVERAGE LIMITATION
>
> "We" only cover a vacant "existing building" for 60 consecutive days from the inception date of this policy unless building permits have been obtained and rehabilitation or renovation work has begun on the "existing building".

The company concluded there was no coverage for the loss, as its investigation confirmed that at the time of the loss, Sinjel had not commenced renovations nor had building permits been issued, and more than sixty days had passed since the policy took effect on April 15, 2020. Sinjel requested reconsideration, but Ohio Casualty stood by its denial decision. Despite Ohio Casualty's denial, Sinjel continued for several months to pay premiums; and

2

Ohio Casualty, despite having concluded that the policy provided no coverage for the property, apparently did not return the premium payments to Sinjel.

Under the clear terms of the policy and the undisputed facts, the loss resulting from the November 2019 fire was not a covered loss. The building at issue was a "'vacant' existing building" within the policy definition, and Sinjel has admitted that it did not obtain building permits and/or begin rehabilitation or renovation work within sixty days of the policy's inception. Sinjel maintains, however, that Ohio Casualty waived Sinjel's noncompliance with the vacancy clause or any defense to coverage by continuing to accept Sinjel's premium payments after it was aware that Sinjel had not timely obtained permits and commenced rehabilitation/renovation work.[1] In the court's opinion, Sinjel's position is without merit.

---

[1] Sinjel refers in its memoranda to principles of both waiver and estoppel. There is no factual basis for estoppel. Estoppel, unlike waiver, "involves some element of reliance or prejudice on the part of the insured before an insurer is foreclosed from raising a ground for denial of liability that was known at an earlier date." Pitts By and Through Pitts v. American Sec. Life Ins. Co., 931 F.2d 351, 357 (5th Cir. 1991) (citing Restatement (Second) of Torts § 894(1) (1977). There is no allegation of any factual basis to support a finding of such reliance by or prejudice to Sinjel.

"Waiver is the intentional relinquishment of a known right; to establish a waiver, there must be shown an act or omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right alleged to have been waived." American Nat'l Prop. and Cas. Co. v. Estate of Farese, 530 F. Supp. 3d 655, 669 (S.D. Miss. 2021) (internal quotations omitted). The burden is on Sinjel to establish the existence of a waiver by clear and convincing evidence. Smith v. Safeco Ins. Co. of America, 704 F. Supp. 111, 114 (S.D. Miss. 1988). Based on the undisputed facts in this case, Sinjel cannot sustain this burden.[2]

---

2   The doctrines of waiver and estoppel cannot create coverage or expand coverage to expressly-excluded risks, but forfeiture provisions may be waived. American Nat'l Prop. and Cas. Co. v. Estate of Farese, 530 F. Supp. 3d 655, 670 (S.D. Miss. 2021) (internal quotations omitted). Ohio Casualty maintains the vacancy clause is a coverage provision, while Sinjel argues it is a forfeiture provision. Sinjel may have the better of this argument. Cf Jeffrey Jackson, Miss. Ins. Law and Prac. § 7:5 (2023) (stating that "an occupancy provision in a homeowner's policy may be waived—even though the result of the waiver is that the insurer is forced to provide coverage for an unoccupied dwelling. In such circumstances the waiver is not viewed as 'creating or extending coverage.' Instead, the insurer in such circumstances is viewed as waiving a condition—occupancy—on a dwelling it already insures."); see also Travelers Fire Ins. Co. v. Bank of New Albany, 244 Miss. 788, 146 So. 2d 351 (1962), Asher v. Old Colony Ins. Co., 240 Miss. 166, 126 So. 2d 255 (1961), and Asher v. Birmingham Fire Ins. Co. of Pa., 239 Miss. 883, 125 So. 2d 824 (1961) (all finding waivers of occupancy provisions). The court need not resolve this issue because it is clear from the undisputed facts that there was no waiver.

4

As stated, the term of the policy at issue was from April 15, 2020 to April 15, 2021. Premiums for the policy were paid by automatic draft on the 15th of each month. The final monthly premium on the policy was paid by automatic draft on March 15, 2021, just five days after Ohio Casualty sent Sinjel its denial letter. Three weeks later, on April 7, Sinjel wrote to Ohio Casualty, seeking reconsideration of the denial decision; and on April 19, 2021, Ohio Casualty responded that its position that there was no coverage for the loss for the reason stated in its original denial "remain[ed] unchanged."

The fact that Ohio Casualty received and retained Sinjel's premium payment cannot reasonably be found to operate as a waiver in light of the undisputed fact that Ohio Casualty not only had already unequivocally denied Sinjel's claim for the November 2020 fire loss before receiving the premium payment but it also did so again after receiving the premium payment.[3] Ohio

---

See Miss. Ins. Law and Prac. § 7:5 (aptly observing that "if the court is inclined to find waiver or estoppel, it does not mention the rule against those doctrines to create or expand coverage. … [T]he rule tends to be mentioned in cases where the court would not find waiver or estoppel in any event even without resort to the rule.").

3   Sinjel alleges that it continued to make premium payments through September, 2021. However, as the term of the original policy expired April 15, 2021, those payments would have applied to a renewal policy, not the original policy. Ohio Casualty has

5

Casualty's actions plainly do not "evidence[e] an intention permanently to surrender the right" to deny/defend Sinjel's claim.

None of the cases relied on by Sinjel in which waiver was found based on an insurer's acceptance of premiums has remotely analogous facts. See Pitts By and Through Pitts v. American Sec. Life Ins. Co., 931 F.2d 351, 357 (5th Cir. 1991) (insurer waived its right to assert defense to liability under policy where it accepted premium payments and paid medical benefits without reservation after it learned that the policy requirements had been breached); New York Life Ins. Co. v. Dumler, 282 F. 969, 974 (5th Cir. 1922) (insurer waived right to rescind policy where, after having notice of the basis for rescission, not only retained the original premium but demanded payment of an additional premium "without any notice to [insured] of its claim that said policy had never been valid…."); Lamb v. Provident Ins. Co., No. 2:93CV40-B-D, 1994 WL 1890828 (N.D. Miss. Oct. 4, 1994) (question of fact existed as

---

represented that it cancelled the renewal policy (though it does not state whether the premiums were returned). In the court's opinion, the renewal policy is not relevant to this action as the loss occurred and was denied during the term of the original policy. In any event, waiver could not reasonably be found, given Ohio Casualty's unequivocal denial of Sinjel's claim.

6

to whether insurer waived age limitation in ERISA policy by continuing to accept premiums for ten months after the employer learned that plaintiff employee's son had reached age limit and was not eligible for coverage).

Based on the foregoing, it is ordered that Sinjel's motion for partial judgment on the pleadings is denied and Ohio Casualty's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 14th day of September, 2023.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE